No: 13-56763

---

# IN THE COURT OF APPEALS

# FOR THE 9TH CIRCUIT

---

Lofton Ryan Burris
**Plaintiff-Appellant**

v.


Wells Fargo Bank, NA

**Defendant-Appellees**

On Appeal From:

---

UNITED STATES DISTRICT COURT,
CENTRAL DISTRICT OF CALIFORNIA

Case Number: 2:13-CV-05917-GAF-(JCx)

Judge: Gary A. Feess

---

BRIEF OF APPELLANT,
Lofton Ryan Burris

---

Lofton Ryan Burris
439 East 246th Place
Carson, CA 90745-6534


Phone: ( 424 ) 558 - 2321
Fax: ( 310 ) 513 - 0446


**ORAL ARGUMENT REQUESTED**

# CERTIFICATE OF INTERESTED PERSONS

The undersigned certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

### A. Parties:

**Plaintiff-Appellant:**    Lofton Ryan Burris

**Defendant-Appellee:**    Wells Fargo Bank, NA

.

### B. Attorneys:

**For Plaintiff-Appellant:**
Lofton Ryan Burris
439 East 246th Place
Carson, CA 90745-6534

**For Defendant-Appellee:**
Adam N Barasch Attorney
Severson & Werson
One Embarcadero Center Suite 2600
San Francisco, CA 94111

**Attorneys on appeal:**
Adam N Barasch Attorney
Severson & Werson
One Embarcadero Center Suite 2600
San Francisco, CA 94111

**Attorneys at trial:**
Adam N Barasch Attorney
Severson & Werson
One Embarcadero Center Suite 2600
San Francisco, CA 94111

_____

Lofton Ryan Burris

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not needed in this appeal.  The main issue in this appeal is whether or not the United States District Court, had jurisdiction over this case.   . In this case, the District Court was required to Remove the reference to the bankruptcy case, or treat the case as an independently filed case in the United States District Court.

The United States District Court has ultimate jurisdiction over disputes such as in this case based upon statutory provisions by Congress which granted ultimate jurisdiction to the Untied States District Court and thus it was improper to dismiss the case for lack of jurisdiction. This was clearly erroneous and oral argument is not needed to understand this.

Thus oral argument would not be helpful and is not needed to understand that it was simply plan error to grant a dismissal in this case in light of the fact that the U.S. District Courts are given exclusive jurisdiction over cases such as this.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ................................................ii

STATEMENT REGARDING ORAL ARGUMENT.......................................iii

TABLE OF CONTENTS ...............................................................................iv

INDEX OF AUTHORITIES ...........................................................................vi

STATUTES AND RULES...........................................................................viii

STATEMENT OF JURISDICTION................................................................xi

STATEMENT OF ISSUES ...........................................................................x

STATEMENT OF THE CASE  (STATEMENT OF FACTS)............................1

Course of proceedings and disposition in the court below ....…….........................1

| | | |
|---|---|---|
| **A.** | INTRODUCTION - THE ORIGINAL BANKRUPTCY CASE | .......….......1 |
| **B.** | BACKGROUND OF THE DISPUTE | .......….......1 |
| **C.** | THE NOTICE OF REMOVAL FROM UNITED STATES BANKRUPTCY COURT - (DOC #1) | .......….......2 |
| **D.** | THE NOTICE OF REMOVAL CONTAINED A NOTICE OF NON-CONSENT TO ENTRY OF FINAL ORDERS BY A BANKRUPTCY JUDGE Bankruptcy Rule 9027(a)(1) | .......….......2 |
| **E.** | A MOTION to Dismiss the Case for Lack of  Jurisdiction and Failure to State a Claim was filed by Defendants Deutsche Bank  National Trust Company, Wells Fargo Bank NA (Doc #4) | .......….......3 |
| **F.** | PLAINTIFF'S Response to Defendants 12(B)(6) MOTION to Dismiss Case for Lack of Jurisdiction and Failure to State a Claim  - 09/18/2013 (DOC #4) | .......….......3 |
| **G.** | THE RESPONSE TO THE MOTION ALSO INCLUDED A REQUEST TO AMEND THE COMPLAINT | .......….......4 |
| **H.** | PLAINTIFF'S RESPONSE WITH MOTION TO STRIKE UNDER RULE 12(F) FILED ON 09/20/2013   (DOC #11) | .......….......4 |
| **I.** | OPPOSITION to MOTION to Strike Under Rule 12(F) - 09/24/2013 (DOC #12) | .......….......5 |
| **J.** | MINUTES (IN CHAMBERS): ORDER RE: MOTION TO DISMISS WAS ENTERED ON 09/26/2013 (DOC #13) | .......….......5 |
| **K.** | THE NOTICE OF REMOVAL FILED ON JULY 3, 2013 INDICATED THAT THE CLAIM WAS BASED UPON AN INDEPENDENT CLAIM | .......….......6 |
| **L.** | THE DISTRICT COURT ACCEPTED THE JUDICIAL NOTICE AND ALSO DISMISSED FOR FAILURE TO STATE A CLAIM DESPITE IT RULNG THAT IT LACKED JURISDICTION OVER THE CASE | .......….......6 |
| **M.** | A TIMELY NOTICE OF APPEAL WAS FILED ON 10/4/2013 | .......….......6 |

## TABLE OF CONTENTS

STANDARD OF REVIEW..................................................................................7

**The Standard of Review in this Case is for Clearly Erroneous Review
for Clear Error**

SUMMARY OF THE ARGUMENT.....................................................................8

**Dismissal of this case for lack of jurisdiction is a clear error on the face of the record,
or abuse of discretion because the District Court clearly had ultimate jurisdiction over
the causes of action raised in the Complaint. Additionally it was clear error for the court
to take judicial notice of instruments that are in heated dispute as fraud. Dismissal was
further improper because there was a separate cause of action asserted in the notice of
removal which gave rise to jurisdiction in the district court. The judgment is clearly
erroneous and should be vacated, and the case remanded for further proceedings.**

ARGUMENT AND AUTHORITIES...................................................................8

**POINT OF ERROR ONE:**     DISMISSAL OF THIS CASE FOR LACK OF
JURISDICTION WAS AN ERROR OR ABUSE OF
DISCRETION ...9

**POINT OF ERROR TWO:**     DISMISSAL FOR LACK OF JURISDICTION WAS
IMPROPER BECAUSE THE DISTRICT COURT WAS
REQUIRED TO REMOVE THE REFERENCE TO THE
BANKRUPTCY CASE ....11

**POINT OF ERROR THREE:**   DISMISSAL WAS IMPROPER BECAUSE THERE WAS
AN INDEPENDENT BASIS OF JURISDICTION IN THIS
CASE ....13

**POINT OF ERROR  FOUR:**    THE COURT'S JUDICIAL NOTICE OF DISPUTED
INSTRUMENTS WAS IMPROPER ....15

**POINT OF ERROR  FIVE:**    THE DISTRICT COURT'S DECISION IS CLEARLY
ERRONEOUS AND SHOULD BE REVERSED ON
APPEAL ....17

CONCLUSION & PRAYER............................................................................19

CERTIFICATE OF SERVICE ........................................................................20

CERTIFICATE OF COMPLIANCE................................................................21

# INDEX OF AUTHORITIES

## FEDERAL CASES

Page No(s))

*Anderson v. City of Bessemer,*................................................................  15
*470 U.S. 564, 573 (1985);*

*Annette J. v. Clark County Sch. Dist.,*..................................................  18
*267 F.3d 877, 887 (9th Cir. 2001)18*

*Darensburg v. Metro. Transp. Comm'n,* ............................................... 7
*636 F.3d 511, 518-19 (9th Cir. 2011)*

*Easley v. Cromartie,* ..........................................................................  18
*532 U.S. 234, 242 (2001)*

*Fontenot v. Wells Fargo Bank, N.A.,*.....................................................  15
*129 Cal. Rptr. 3d467, 475 (Cal. App. 1st Dist. 2011);15*

*Fisher v. Tucson Unified Sch. Dist.,* ...................................................  18
*652 F.3d 1131, 1136 (9th Cir. 2011)18*

*F.B. v. Napa Valley Unified School District,* ....................................  18
*496 F.3d 932, 937 (9th Cir. 2007);18*

*Husain v. Olympic Airways,* ...............................................................  18
*316 F.3d 829, 835 (9th Cir. 2002);18*

*Joslin v. H.A.S. Ins. Brokerage* .........................................................  16
*(1986) 184 Cal.App.3d 369, 374.16*

*Katie A., ex. Rel. Ludin v. Los Angeles County,*...................................  18
*481 F.3d 1150, 1155 (9th Cir. 2007). 18*

# INDEX OF AUTHORITIES

## FEDERAL CASES

Page No(s))

*Lee v. City of Los Angeles*.................................................................... 15
, 250 F.3d 668, 689 (9th Cir.2001)15

*Love v. Wolf (1964) 226 Cal.App.2d 378, 403.)*.................................... 16

*McClure v. Thompson*, ...................................................................... 17
323 F.3d 1233, 1241 (9th Cir. 2003).

*Miller v. Thane Int'l, Inc.*, ................................................................. 18
519 F.3d 879, 888 (9th Cir. 2008)

*Rand v. Rowland*,................................................................................ 17
154 F.3d 952, 957 n.4 (9th Cir. 1998)17

*Things Remembered, Inc. v. Petrarca*, ............................................. 17
 516 U.S. 124 (1995). 10

*United States v. Cazares, 121 F.3d 1241, 1245 (9th Cir. 1997* ........................................ 17

*United States v. Comprehensive Drug Testing, Inc., 621 F.3d 1162, 1175 (9th Cir. 2010)*    18

*United States v. McCarty, 648 F.3d 820, 824 (9th Cir. 2011)*............................................ 18

*Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002)*................ 7

# STATUE AND RULES

**Page No(s))**

*28 U.S.C. §1291* ....................................................................................................... xi

*28 U.S.C. §1334(a)* .................................................................................................. 10

*Bankruptcy Rule 9027(a)(1)* ................................................................................  9

*28 U.S.C. §157(a)* ..................................................................................................... 10

*28 U.S.C. §1452(a)* ................................................................................................. 10

*28 U.S.C. §1441(a)* ,................................................................................................ 10

*28 USC 157(d)* ..................................................................................................... 12

*28 U.S.C. §157(e)* ................................................................................................. 12

*1441(c)* ...................................................................................................................... 14

*Fed. R. Evid. 201, 15*

*Fed. R. Civ. P. 52(a)(6); 17*

# STATEMENT OF JURISDICTION

This court has jurisdiction over this appeal pursuant to 28 U.S.C. §1291 because the Order dismissing the case by the district court is a final appealable order or a judgment of district court and was the final decision which ended the litigation.

A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983) (citing Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)).

## STATEMENT OF ISSUES

**ISSUE NO. 1:**   DISMISSAL OF THIS CASE FOR LACK OF JURISDICTION WAS AN ERROR OR ABUSE OF DISCRETION

**ISSUE NO. 2:**   DISMISSAL FOR LACK OF JURISDICTION WAS IMPROPER BECAUSE THE DISTRICT COURT WAS REQUIRED TO REMOVE THE REFERENCE TO THE BANKRUPTCY CASE

**ISSUE NO. 3:**   DISMISSAL WAS IMPROPER BECAUSE THERE WAS AN INDEPENDENT BASIS OF JURISDICTION IN THIS CASE

**ISSUE NO. 4:**   THE COURT'S JUDICIAL NOTICE OF DISPUTED INSTRUMENTS WAS IMPROPER

**ISSUE NO. 5:**   THE DISTRICT COURT'S DECISION IS CLEARLY ERRONEOUS AND SHOULD BE REVERSED ON APPEAL

## STATEMENT OF THE CASE (STATEMENT OF FACTS)

Course of proceedings and disposition in the court below :

**A.**

## INTRODUCTION - THE ORIGINAL BANKRUPTCY CASE

This case originally was originally filed as an Adversary Proceeding in the United States Bankruptcy Court.

However, on August 13, 2013 appellant filed a NOTICE OF REMOVAL from the United States Bankruptcy Court, to the Central District of California, Adversary Case number 13-ap-01488-SKt (See Doc #1)

The original ADVERSARY PROCEEDING was a Complaint to Recover Money and Property, fraud, wrongful foreclosure and the District Court Case was assigned to Judge Gary A. Feess, discovery to Magistrate Judge Jacqueline Chooljian; The required filing fee of $400 was paid by appellant Lofton Ryan Burris. (See Doc #1)

**B.**

## BACKGROUND OF THE DISPUTE

In the Adversary Proceeding appellant alleges at paragraph 5.1 have improperly taken money and property, and herein sues to recover both money and property which lawfully belongs to the plaintiff.

Appellant also at 5.2 that defendants iled a FRAUDULENT FORECLOSURE, AND FALSE DEEDS, which placed an unlawful cloud over the title of plaintiff's real property listed in the plaintiff schedules. Suit was based upon a claim to determine the validity, priority, or extent of the lien claimed by defendants, Equitable relief was also sought enjoining the ILLEGAL FORECLOSURE,

# STATEMENT OF FACTS
## C.
## THE NOTICE OF REMOVAL FROM UNITED STATES BANKRUPTCY COURT - (DOC #1)

DECLARATORY RELIEF, was also requested declaring that (a) defendants lien is fraudulent in nature, (b) the defendant's foreclosure was illegal and unlawful, (c) that defendants has no real lien in plaintiff's property.

In this case, Defendants Wells Fargo Bank, NA and Deutsch Bank both claim to be holders in due course of a promissory note and deed connected to appellants real property, and the said claim is in heated disputed..

The case was removed to U.S. District Court pursuant to 28 USC §1452, and Bankruptcy Rule 9027(a)(1) and petitioner gives notice that the removed matter is non-core, and as such, petitioner does not consent to the entry of final  and judgments of the non-core matters in this case, by a bankruptcy judge.

## D.
## THE NOTICE OF REMOVAL CONTAINED A NOTICE OF NON-CONSENT TO ENTRY OF FINAL ORDERS BY A BANKRUPTCY JUDGE Bankruptcy Rule 9027(a)(1)

The notice of removal in this Adversary case contained a separate "NOTICE OF NON-CONSENT TO ENTRY OF FINAL ORDERS BY A BANKRUPTCY JUDGE" (TAB 8) pursuant to Bankruptcy Rule 9027(a)(a) in which the plaintiff gave notice that the removed matter is non-core, and as such, does not consent to the entry of final orders, and judgments of the non-core matters in this case, by a bankruptcy judge.

A request to transfer of the case to the United States District Court for final entry of any non-core claims in these proceedings was also made and plaintiff indicated that a Motion for Withdrawal of the Reference pursuant to 28 U.S.C. §157(d), for mandatory withdrawal of this bankruptcy case and all associated Adversary Proceedings would be later filed.

# STATEMENT OF FACTS
### E.

### A MOTION to Dismiss the Case for Lack of Jurisdiction and Failure to State a Claim was filed by Defendants Deutsche Bank National Trust Company, Wells Fargo Bank NA (Doc #4)

On August 29, 2013 defendants moved to dismiss the case by filing its NOTICE OF MOTION AND MOTION to Dismiss Case for Lack of Jurisdiction and Failure to State a Claim which was actually filed by Defendants Deutsche Bank National Trust Company, Wells Fargo Bank NA.

This motion was based wholly on dismissal for lack of jurisdiction, and for Fairlure to State a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This Motion was later set for hearing on 9/30/2013 at 09:30 AM before Judge Gary A. Feess. This motion also contained a Request for Judicial Notice, and a proposed order of dismissal. Defendants Financial Asset Securities Corp, and Greenwich Capital Financial Products Inc. did not answer the complaint.

### F.

### PLAINTIFF'S Response to Defendants 12(B)(6) MOTION to Dismiss Case for Lack of Jurisdiction and Failure to State a Claim - 09/18/2013 (DOC #4)

On 09/17/2013 appellant filed his resposnse to defendant motion to dismiss styled as "PLAINTIFF'S Response to Defendants 12(B)(6) MOTION to Dismiss Case for Lack of Jurisdiction and Failure to State. (doc #11)

In this response appellant argued that this motion was merely a "shot gun" attempt to dismiss the case, and further argued that the District Court indeed had jurisdiction to hear the matter, and further that the claims made were sufficient and adequate to survive a 12(b)(6) motion to dismiss. Appellant further argued that the pleadings were merely pro se pleadings and was sufficiently pleaded under Rule 8(a) F.R.C.P.

# STATEMENT OF FACTS
## G.

## THE RESPONSE TO THE MOTION ALSO INCLUDED A REQUEST TO AMEND THE COMPLAINT

Alternatively, as part of the response the appellant requested an amendment under Rule 15. F.R.C.P which was ultimately denied by the Distinct Court Dismissal of this case.

At this point, no amendments had been made in the case, and appellant had requested that the case be amended in the event the court felt that the causes of actions were not sufficiency pleaded.

Appellant also raised a number of objection to the instruments submitted for judicial notice by Wells Fargo Bank, and Deutsche Bank National Trust Company, and the objection was based on the fact that these same instruments were being challenged as fraud, and that the court was not required to take judicial notice of these instruments.

## H.
## PLAINTIFF'S RESPONSE WITH MOTION TO STRIKE UNDER RULE 12(F) FILED ON 09/20/2013   (DOC #11)

Defendants Wells Fargo Bank, and Deutsche Bank filed a NOTICE OF NON OPPOSITION purporting to assert that plaintiff did not oppose the motion to dismiss.

On September 9, 2013 appellant filed a RESPONSE WITH MOTION TO STRIKE this instrument UNDER RULE 12(F) filed by plaintiff Lofton Ryan Burris complaining that the notice of non-opposition was improper.

. This Motion was set for hearing on 10/21/2013 at 09:30 AM before Judge Gary A. Feess.

# STATEMENT OF FACTS

## I.

## OPPOSITION to MOTION to Strike Under Rule 12(F) - 09/24/2013 (DOC #12)

On 09/24/2013 12 OPPOSITION to MOTION to Strike Under Rule 12(F) 11with Proof of Service (doc #13) filed by Defendants Deutsche Bank National Trust Company, Wells Fargo Bank

## J.

## MINUTES (IN CHAMBERS): ORDER RE: MOTION TO DISMISS WAS ENTERED ON 09/26/2013 (DOC #13)

On 09/26/2013 (Doc #13) the court issued it "MINUTES (IN CHAMBERS): ORDER RE: MOTION TO DISMISS.

The Court GRANTED Defendants' Motion to Dismiss without prejudice.

The hearing on this motion presently scheduled for September 30, 2013, was VACATED.

This action terminated the case.

# STATEMENT OF FACTS

## K.
## THE NOTICE OF REMOVAL FILED ON JULY 3, 2013 INDICATED THAT THE CLAIM WAS BASED UPON AN INDEPENDENT CLAIM

At paragraph 7 the NOTICE OF REMOVAL, it states that "7. THIS ACTION IS FOUNDED IN FEDERAL LAW AND ARISES UNDER THE LAWS OF THE UNITED STATES, and at paragraph 8. THIS ACTION IS FOUNDED UPON A SEPARATE & INDEPENDENT CAUSE OF ACTION" which further states that "8.1 This Action is also founded upon a Claim under 42 U.S.C. 1982, Property Rights and Claims Under 42 U.S.C 1983 and 42 USC 1985 Interference with Civil Rights and a claim for Fraud against the property of the estate stemming for deceptive and fraudulent act perpetrated by Wells Fargo and Deutsche Bank, its agents, attorneys, and employees

## L.
## THE DISTRICT COURT ACCEPTED THE JUDICIAL NOTICE AND ALSO DISMISSED FOR FAILURE TO STATE A CLAIM DESPITE IT RULNG THAT IT LACKED JURISDICTION OVER THE CASE

Despite the appellants objection to the request for judicial notice, the court took judicial notice of the disputed documents.

However, there was no response to the objections raised by the appellant to the court and the court proceeding to enter its final order, noting that it had taken judicial notice of these instruments which were in heated dispute by the parties.

## M.

## A TIMELY NOTICE OF APPEAL WAS FILED ON 10/4/2013

On October 4, 2013 a timely NOTICE OF APPEAL (Doc #14) to the 9th Court of Appeal was filed by plaintiff Lofton Ryan Burris appealing the final order of dismissal dismissing this case for lack of jurisdiction.

All filing fees have been paid for the appeal.

# STANDARD OF REVIEW

## <u>The Standard of Review in this Case is for Clearly Erroneous Review for Clear Error</u>

The standard of review in this issue of jurisdiction case is for clear error.

Note that "[f]actual findings underlying the district court's ruling are reviewed for clear error." Wilkes, 662 F.3d at 532 (internal quotation marks and citation omitted). Furthermore, if, the application of the law to the facts requires an inquiry that is "essentially factual," review is for clear error. See Darensburg v. Metro. Transp. Comm'n, 636 F.3d 511, 518-19 (9th Cir. 2011) ("[M]ixed questions of fact and law are reviewed de novo, unless the mixed question is primary factual." (internal quotation marks and citation omitted)); Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002); see also Exxon Co. v. Sofec, Inc., 54 F.3d 570, 576 (9th Cir. 1995)

Lofton Ryan Burris VS Wells Fargo Bank, NA    Case Number: 13-56763

## SUMMARY OF THE ARGUMENT

Dismissal of this case for lack of jurisdiction is a clear error on the face of the record,  or abuse of discretion because the District Court clearly had ultimate jurisdiction over the causes of action raised in the Complaint. Additionally it was clear error for the court to take judicial notice of instruments that are in heated dispute as fraud.  Dismissal was further improper because there was a separate cause of action asserted in the notice of removal which gave rise to jurisdiction in the district court.  The judgment is clearly erroneous and should be vacated, and the case remanded for further proceedings.

### DISMISSAL OF THIS CASE FOR LACK OF JURISDICTION WAS AN ERROR OR ABUSE OF DISCRETION

THE DISTRICT COURT HAD JURISDICTION TO RULE ON ISSUES IN THIS CASE

### DISMISSAL FOR LACK OF JURISDICTION WAS IMPROPER BECAUSE THE DISTRICT COURT WAS REQUIRED TO REMOVE THE REFERENCE TO THE BANKRUPTCY CASE

MANDATORY WITHDRAWAL OF THE BANKRUPTCY CASE WAS REQUIRED

OR THE CASE BE TREATED AS AN INDEPENDENT CASE

### DISMISSAL WAS IMPROPER BECAUSE THERE WAS AN INDEPENDENT BASIS OF JURISDICTION IN THIS CASE

THE JURISDICTIONAL SECTION OF THE COMPLAINT ESTABLISHED AN INDEPENDENT CLAIM IN FEDERAL COURT

### THE COURT'S JUDICIAL NOTICE OF DISPUTED INSTRUMENTS WAS IMPROPER

THE COURT WAS NOT REQUIRED TO TAKE JUDICIAL NOTICE OF INSTRUMENT WHICH WERE IN HEATED DISPUTE

### THE DISTRICT COURT'S DECISION IS CLEARLY ERRONEOUS AND SHOULD BE REVERSED ON APPEAL

THE DISTRICT COURT DECISION IS PLAIN ERROR ON THE FACE OF THE RECORD

# ARGUMENT AND AUTHORITIES
## POINT OF ERROR <u>ONE</u>:

## <u>DISMISSAL OF THIS CASE FOR LACK OF JURISDICTION WAS AN ERROR OR ABUSE OF DISCRETION</u>

THE DISTRICT COURT HAD JURISDICTION TO RULE ON ISSUES IN THIS CASE

The United States District Court indeed had ultimate jurisdiction over the issues in this case.  The only reason the District Court gave for dismissing for lack of jurisdiction was because the Bankruptcy Case had been dismissed.

In the adversary proceeding before the bankruptcy court,  the appellant had filed his "NOTICE OF NON-CONSENT TO ENTRY OF FINAL ORDERS BY A BANKRUPTCY JUDGE Bankruptcy Rule 9027(a)(1)" and this notice was filed not only in the Adversary Proceeding but also the United States District Court when the case was removed..  This notice as filed pursuant to Bankruptcy Rule 9027(a)(1) and did not consent to final orders by a bankruptcy judge.

This notice under Rule 9027(a)(1) was constructive notice that clearly indicated that there were non-core claims which appellant sought to have adjudicated only by the United States District Court who has ultimate jurisdiction in this case.

In this instance, it was clear that the United States Bankruptcy court lacked jurisdiction to adjudicate this case, and ultimate jurisdiction must now rest with the United States District Court.  The U.S. District Court however, erroneously relied uponj dismissal of the Bankruptcy Case to make its ruling, but the Adversary causes of action are separate causes of action and mutually exclusive events.

# ARGUMENT AND AUTHORITIES
## POINT OF ERROR ONE: (CONTINUED)

## DISMISSAL OF THIS CASE FOR LACK OF JURISDICTION WAS AN ERROR OR ABUSE OF DISCRETION

The District Court had Jurisdiction pursuant to 28 U.S.C. §1334(a)

Congress vested all original jurisdiction over bankruptcy cases in the United States District Court. 28 U.S.C. §1334(a). Congress further provided that the District Court could refer all cases in bankruptcy and any and all related proceedings arising under, in, or related to cases in bankruptcy, to the Bankruptcy Court. 28 U.S.C. §157(a). The United States District Court therefore had exclusive jurisdiction to hear the dispute.

28 U.S.C. §1452(a) provides as follows:

"A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

In addition to 28 U.S.C. §1452(a), any civil action brought in a state court may also be subject to removal pursuant to 28 U.S.C. §1441(a), if applicable. See Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995).

Dismissing the claim was not necessary in this case because the United States Courts indeed had jurisdiction. The order should be vacated and the case remanded for further proceedings.

# ARGUMENT AND AUTHORITIES

## POINT OF ERROR <u>TWO</u>:

### <u>DISMISSAL FOR LACK OF JURISDICTION WAS IMPROPER BECAUSE THE DISTRICT COURT WAS REQUIRED TO REMOVE THE REFERENCE TO THE BANKRUPTCY CASE</u>

MANDATORY WITHDRAWAL OF THE BANKRUPTCY CASE WAS REQUIRED

OR THE CASE BE TREATED AS AN INDEPENDENT CASE

Dismissal was also inappropriate because the District Court was required to Withdraw the Reference from the Bankruptcy Case because the Adversary Case contained claims under Title 11 and other laws of the United States, such as in this case.

As stated in this Bankruptcy Case, and Adversary Proceeding, mandatory withdrawal of the reference should have been executed by the court because these proceeding consisted of core, and non-core causes of action which require the consideration of both Title 11 and other laws of the United States and other the bankruptcy court was required to Withdraw and Abstain from Hearings and Proceedings under Bankruptcy Rule 5011 until further notice of the United States District Court. Additionally, Mandatory withdrawal of the reference is required because the movant specifically requested Jury Trial, and/or filed a "NOTICE OF NON-CONSENT TO ENTRY OF FINAL ORDERS BY A BANKRUPTCY JUDGE under Bankruptcy Rule 9027(a)(1)" which require an Article III judge to ultimately decide this issues which are outside the scope of the United States Bankruptcy Court.

So considering this, the United States District Court had exclusive jurisdiction to hear this case. It was simply error to conclude that the court lacked jurisdiction in this case.

# ARGUMENT AND AUTHORITIES
## POINT OF ERROR <u>TWO</u>: (CONTINUED)

### <u>DISMISSAL FOR LACK OF JURISDICTION WAS IMPROPER BECAUSE THE DISTRICT COURT WAS REQUIRED TO REMOVE THE REFERENCE TO THE BANKRUPTCY CASE</u>

Alternatively, permissive withdrawal was required because the appellant had requested a Jury Trial in one or more of the proceedings related to the bankruptcy case or adversary proceedings related to this case.

Under 28 USC 157(d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.  The Notice of Removal in this cases operated as a motion under 28 USC 157(d) for the U.S. District Court to take exclusive jurisdiction and the District Court was required to take jurisdiction over this case despite any matters or judgments made in the U.S. Bankruptcy Court.. Moreover, appellant had requested a JURY TRIAL. Jury Adversary Proceedings Must be Tried by the District Court   With respect to jury trials, 28 U.S.C. §157(e) provides as follows: (e) if the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

Even if the Adversary was dismissed by the Bankruptcy Court, the complaint was an independent claim brought in the U.S. district Court which had ultimate jurisdiction in this case.

Accordingly, the case should be remanded to the United States District Court for further proceedings.

# ARGUMENT AND AUTHORITIES
# POINT OF ERROR <u>THREE</u>:

## <u>DISMISSAL WAS IMPROPER BECAUSE THERE WAS AN INDEPENDENT BASIS OF JURISDICTION IN THIS CASE</u>

## THE JURISDICTIONAL SECTION OF THE COMPLAINT ESTABLISHED AN INDEPENDENT CLAIM IN FEDERAL COURT

The Notice of Removal established an independent basis for the assertion of the court's jurisdiction and as such dismissal was inappropriate. As part of its decision to dismiss the case the court reasoned as follows:

"However, because Plaintiff's underlying bankruptcy case was dismissed and closed, this Court has no basis to withdraw the reference. (RJN, Ex. F [Bankruptcy Dkt. #19 and #27].) Additionally, the Court cannot treat Plaintiff's "Notice of Removal" as an initial filing in district court because Plaintiff must first establish an independent basis for the assertion of this Court's jurisdiction. Accordingly, the Court GRANTS Defendants' Motion to Dismiss without prejudice to Plaintiffs right to file an initial lawsuit in federal court."

However, as a matter of fact, plaintiff did in the instant case establish an independent basis for jurisdiction in federal court. According to page 4 of the Adversary Complaint, it states:"12. APPLICABLE STATUTES: This is a Civil Action over which this District Court has jurisdiction under 28 USC §1452. This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. §1332, and the action is removable to this Court pursuant to 28 U.S.C. §1441(a) and 28 U.S.C. §1446. Racketeer Influenced and Corrupt Organizations Act (18 U.S.C §1961 et seq)

# ARGUMENT AND AUTHORITIES
## POINT OF ERROR <u>THREE</u>: (CONTINUED)

## <u>DISMISSAL WAS IMPROPER BECAUSE THERE WAS AN INDEPENDENT BASIS OF JURISDICTION IN THIS CASE</u>

Home Owner Equity Procedures Act (HOEPA) 12 U.S.C. §§ 2601–2617  Complaint to Cancel Fraudulent Grant Deed/Unforeclosure Foreclosure  Consumer Credit Protection Act (15 U.S.C §1601 et seq) & 42 USC 1982, 1983, & 1985. Securities Fraud: Securities Act of 1933 (15 U.S.C §77a, et seq) Securities Exchange Act of 1934" (See Page 4 of the Complaint) These claims were clearly set forth in the Notice of Removal.

Additionally as already pointed out, the complaint specifically established that an Independent Claim under Federal Law is being made:

"8. THIS ACTION IS FOUNDED UPON A SEPARATE & INDEPENDENT CAUSE OF ACTION Pursuant to 1441(c) this action encompasses a separate and independent claim and Whenever a  separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates. Petitioner's counter-claim may thus be determined by this court, and this action is properly removed to this court."

This statement is conclusive that there is an intent to establish a separate and independent cause of action and as such, give rise to jurisdiction in the United States District Court.  Accordingly, the matter should be remanded for further proceedings.

# ARGUMENT AND AUTHORITIES
## POINT OF ERROR <u>FOUR</u>:

## <u>THE COURT'S JUDICIAL NOTICE OF DISPUTED INSTRUMENTS WAS IMPROPER</u>

## THE COURT WAS NOT REQUIRED TO TAKE JUDICIAL NOTICE OF INSTRUMENT WHICH WERE IN HEATED DISPUTE REGARDING AUTHENTICITY

As part of its analysis, the court took judicial notice of disputed instruments in arriving at it final decision in this case. In taking judicial notice the court opinioned as follows: "The Court may "take judicial notice of the fact of a document's recordation, the date the document was recorded and executed, the parties to the transaction reflected in a recorded document, and the document's legally operative language, assuming there is no genuine dispute regarding the document's authenticity." Fontenot v. Wells Fargo Bank, N.A., 129 Cal. Rptr. 3d 467, 475 (Cal. App. 1st Dist. 2011); see also Van Ryzin v. CitiMortgage, Inc., 2013 U.S. Dist. LEXIS 42010, at *6-7 (C.D. Cal. Mar. 22, 2013). Here, the DOT, Assignment of DOT, NOD, SOT, and NOTS are copies of the official records of the Los Angeles County Recorder's Office, and are thus judicially noticeable. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) ("under Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record'")

## THERE WAS A GENUINE DISPUTE REGARDING AUTHENTICITY

In this case however, there was indeed a genuine dispute as to the authenticity and truthfulness of the instruments submitted for judicial notice. In fact, appellant had specifically OBJECTED to these instruments in his Response to the Motion to Dismiss. The Court never really resolved this objection in its final analysis and was not required

# ARGUMENT AND AUTHORITIES
## POINT OF ERROR <u>FOUR</u>: (CONTINUED)

## <u>THE COURT'S JUDICIAL NOTICE OF DISPUTED INSTRUMENTS WAS IMPROPER</u>

to accept these instruments for judicial notice. Here there is no doubt that these instruments were in heated dispute between the parties during the proceeding and thus the court was not required to take judicial notice of these instruments in light of the challenge to authenticity here.

"Taking judicial notice of a document is not the same as accepting the truth of its contents or accepting a particular interpretation of its meaning." (Joslin v. H.A.S. Ins. Brokerage (1986) 184 Cal.App.3d 369, 374.) "While courts take judicial notice of public records, they do not take notice of the truth of matters stated therein." (Love v. Wolf (1964) 226 Cal.App.2d 378, 403.). In Herrera vs Deutsche Bank National Trust Co., a residential mortgage foreclosure litigation, C065630, Super. Ct. No. SC20090170 , the California Court of Appeal Third Appellate District-El Dorado ruled that "In the published portion of the opinion, we hold that the trial court erred in accepting the contents of certain recorded documents as true and relying upon that information in determining the summary judgment motion. Accordingly, we reverse the judgment in part."

Since the authenticity of these instruments were in heated disputed, the District Court erred by taking judicial notice of these instruments. Accordingly, the judgment of the district court should be vacated and the case should be remanded for further proceedings.

# ARGUMENT AND AUTHORITIES
# POINT OF ERROR <u>FIVE</u>:

## <u>THE DISTRICT COURT'S DECISION IS CLEARLY ERRONEOUS AND SHOULD BE REVERSED ON APPEAL</u>

## THE DISTRICT COURT DECISION IS PLAIN ERROR ON THE FACE OF THE RECORD

In this case it is abundantly clear that the District Court did indeed have jurisdiction over this matter.  The law is clear and dismissal under the circumstances in this case is clearly erroneous.

A district court's findings of fact are reviewed under the clearly erroneous standard. See Fed. R. Civ. P. 52(a)(6); United States v. Cazares, 121 F.3d 1241, 1245 (9th Cir. 1997) (standard applied in both civil and criminal proceedings).

"Findings of fact are made on the basis of evidentiary hearings and usually involve credibility determinations, which explains why they are reviewed deferentially under the clearly erroneous standard."  Rand v. Rowland, 154 F.3d 952, 957 n.4 (9th Cir. 1998) (en banc).  Special deference is paid to a trial court's credibility findings.  See Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985); McClure v. Thompson, 323 F.3d 1233, 1241 (9th Cir. 2003).

# ARGUMENT AND AUTHORITIES
## POINT OF ERROR <u>FIVE</u>: (CONTINUED)

### <u>THE DISTRICT COURT'S DECISION IS CLEARLY ERRONEOUS AND SHOULD BE REVERSED ON APPEAL</u>

Review under the clearly erroneous standard is significantly deferential, requiring a "definite and firm conviction that a mistake has been committed."   See Easley v. Cromartie, 532 U.S. 234, 242 (2001); Fisher v. Tucson Unified Sch. Dist., 652 F.3d 1131, 1136 (9th Cir. 2011); United States v. Comprehensive Drug Testing, Inc., 621 F.3d 1162, 1175 (9th Cir. 2010) (en banc) (per curiam); see also Miller v. Thane Int'l, Inc., 519 F.3d 879, 888 (9th Cir. 2008) (concluding the district court clearly erred).

If the district court's account of the evidence is plausible in light of the entire record, the court of appeals may not reverse, even if it would have weighed the evidence differently.  See Husain v. Olympic Airways, 316 F.3d 829, 835 (9th Cir. 2002); see also United States v. McCarty, 648 F.3d 820, 824 (9th Cir. 2011); Katie A., ex. Rel. Ludin v. Los Angeles County, 481 F.3d 1150, 1155 (9th Cir. 2007).

"The court of appeals reviews for clear error where:

Findings of fact are based solely on written record.  See R.B., ex.rel. F.B. v. Napa Valley Unified School District, 496 F.3d 932, 937 (9th Cir. 2007); Amanda J. ex rel. Annette J. v. Clark County Sch. Dist., 267 F.3d 877, 887 (9th Cir. 2001).

The idea that the District Court lacked jurisdiction in this case is clearly erroneous and this court should reverse the judgment and remand for further proceedings.·

# CONCLUSION & PRAYER

## THE DISTRICT COURT CLEARLY HAD ULTIMATE JURISDICTION OVER THIS CASE, AND THE MATTER SHOULD BE REMANDED BACK TO THE DISTRICT COURT FOR FURTHER PROCEEDINGS.

In this appeal, it is clear that the United States District Court had ultimate and exclusive jurisdiction to hear this dispute and thus the case should not have been dismissed for lack of jurisdiction.

For all of the reasons stated herein the appellant respectfully request that this case be remanded to the United States District Court with an instruction to reinstate the case, and for all other relief this court deems just and proper in the interest of justice and this appeal.

**Respectfully Submitted,**

*Lofton Ryan Burris*                    **Dated:** _____ March 17, 2014 _____
Lofton Ryan Burris
439 East 246th Place
Carson, CA 90745-6534

# PROOF OF SERVICE

I hereby certify that the foregoing **BRIEF OF APPELLANT**,  has been

filed in office of the clerk       **IN THE COURT OF APPEALS**
                                    **FOR THE 9TH CIRCUIT**                ,

and a true and correct copy of the same has been provided to counsel listed

below in the manner indicated on       <u>**March 17, 2014**</u>

<u>**via:**</u>

UNITED STATES FIRST CLASS MAIL;

## and via CMS electronic mail system.

Adam N Barasch Attorney
Severson & Werson
One Embarcadero Center Suite 2600
San Francisco, CA 94111

Mark Douglas, Attorney
Severson & Werson
One Embarcadero Center Suite 2600
San Francisco CA 94111

Suzanne M Hankins, Attorney
Severson & Werson
19100 Von Karman Ave Suite 700
Irvine CA 92612

Bernard Kornberg, Attorney
Severson & Werson
One Embarcadero Center
San Francisco CA 94111

*Lofton Ryan Burris*
_____
Lofton Ryan Burris

# CERTIFICATE OF COMPLIANCE

Pursuant to ___9th Circuit Court of Appeals___ the undersigned certifies this brief

complies with the type-volume limitations of ___9th Circuit Court of Appeals___

**1.** EXCLUSIVE OF THE EXEMPTED PORTIONS IN
    THE BRIEF CONTAINS (select one):

☑ A. ____2,800____ words, OR

B. _____ lines of text in monospaced typeface.

**2**. THE BRIEF HAS BEEN PREPARED (select one):

A. in proportionally spaced typeface using:

Software Name and Version: **OMNIFORM 5.0** in
                (Appellate Brief Software)

(Typeface Name and Font Size): **CG Times 14 pt.**, OR

B. in monospaced (nonproportionally spaced) typeface using: Typeface
    name and number of characters per inch:

**3**. IF THE COURT SO REQUESTS, THE UNDERSIGNED WILL PROVIDE
AN ELECTRONIC VERSION OF THE BRIEF AND/OR A COPY OF THE
WORD OR LINE PRINTOUT.

**4.**    THE    UNDERSIGNED    UNDERSTANDS    A    MATERIAL
MISREPRESENTATION IN COMPLETING THIS CERTIFICATE, OR
CIRCUMVENTION OF THE TYPE-VOLUME LIMITS               MAY
RESULT IN THE COURTS STRIKING THE BRIEF AND IMPOSING
SANCTIONS AGAINST THE PERSON SIGNING THE BRIEF.

_Lofton Ryan Burris_
Lofton Ryan Burris

No: 13-56763

# IN THE COURT OF APPEALS

# FOR THE 9TH CIRCUIT

Lofton Ryan Burris
**Plaintiff-Appellant**

v.

Wells Fargo Bank, NA
**Defendant-Appellees**

## On Appeal from the District Court

UNITED STATES DISTRICT COURT, CENTRAL
DISTRICT OF CALIFORNIA

Case Number: 2:13-CV-05917-GAF-(JCx)

Judge: Gary A. Feess

## RECORD EXCERPTS OF
Lofton Ryan Burris

Lofton Ryan Burris
439 East 246th Place
Carson, CA 90745-6534

Phone: ( 424 ) 558 - 2321
Fax: ( 310 ) 513 - 0446

Lofton Ryan Burris VS Wells Fargo Bank, NA                    *Case Number: 13-56763*

# APPENDIX

## TABLE OF CONTENTS

| TAB | DESCRIPTION | DOC# |
|-----|-------------|------|
| 1 | MINUTES (IN CHAMBERS): ORDER RE: MOTION TO DISMISS by Judge Gary A. Feess:.9/26/2013 | 13 |
| 2 | NOTICE OF APPEAL to the 9th CCA filed by plaintiff Lofton Ryan Burris.10/04/2013 | 14 |
| 3 | NOTICE OF REMOVAL from the United States Bankruptcy Court, 08/13/2013 | 1 |
| 4 | NOTICE OF MOTION AND MOTION to Dismiss Case for Lack of Jurisdiction and Failure to State a Claim filed by Deutsche 08/29/2013 4 | 4 |
| 5 | Response to Defendants 12(B)(6) MOTION to Dismiss Case for Lack of Jurisdiction and Failure to State a Claim | 9 |
| 6 | RESPONSE WITH MOTION TO STRIKE UNDER RULE 12(F) 09/20/2013 | 11 |
| 7 | NOTICE OF NON-CONSENT TO ENTRY OF FINAL ORDERS BY A BANKRUPTCY JUDGE Bankruptcy Rule 9027(a)(1) | |
| 8 | DOCKET SHEET - | |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **RECORD EXCERPTS** has been filed in

office of the clerk          IN THE COURT OF APPEALS                          , and a

true and correct copy of the same has been provided to counsel listed below

in the manner indicated on          **March 17, 2014**

**via**

UNITED STATES FIRST CLASS MAIL;

## **and via CMS electronic mail system.**

Adam N Barasch Attorney
Severson & Werson
One Embarcadero Center Suite 2600
San Francisco, CA 94111

Mark Douglas, Attorney
Severson & Werson
One Embarcadero Center Suite 2600
San Francisco CA 94111

Suzanne M Hankins, Attorney
Severson & Werson
19100 Von Karman Ave Suite 700
Irvine CA 92612

Bernard Kornberg, Attorney
Severson & Werson
One Embarcadero Center
San Francisco CA 94111

*Lofton Ryan Burris*
_____
Lofton Ryan Burris